WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Walker; Fernando Moreno; and Juan David Camarena; and United States ex. rel. Robert Walker, Fernando Moreno and Juan David Camarena, | No. CV-12-02582-PHX-JAT<br><br>**ORDER** |
| Plaintiffs/Relators, | |
| v. | |
| Community Education Centers, Inc., a Delaware Corporation, | |
| Defendant. | |

Pending before the Court are: (1) Plaintiffs/Relators' Motion to Appoint Counsel (Doc. 8); (2) Plaintiffs/Relators' Motion for Extension of Time to Extend Time for Service of Process (Doc. 9); (3) Defendant's Motion to Unseal Case (Doc. 10); and (4) Defendant's Motion for Extension of Time to File Answer (Doc. 11).

On December 4, 2012, Robert Walker, Fernando Moreno, and Juan David Camerena ("Plaintiffs/Relators") moved to file their "qui tam" complaint under seal. (Doc. 1). Plaintiffs/Relators argued that such sealing was appropriate because their lawsuit contained a cause of action alleging violations of the Federal False Claims Act. (*Id.*). Plaintiffs/Relators acknowledged that pursuant to 31 U.S.C. § 3730(b)(2) such actions must remain under seal for at least 60 days and shall not be served on the defendant unless the court so orders. (*Id.*).

After the Court granted the Motion to Seal, Plaintiffs/Relators' Complaint was

filed under seal.  Plaintiffs/Relators' Complaint contains five counts.  In Counts One, Two, Three, and Four, it appears that Plaintiffs/Relators assert various claims of employment discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e.  Count Five of the Complaint purports to be a claim under the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.  (Doc. 7 at 7).  In Count Five, Plaintiffs/Relators allege that they "were aware of fraud committed against the government in covering up the circumstances surrounding the death of the inmate at a CEC facility."  (*Id.*).

Thereafter, Plaintiffs/Relators moved for an extension of time to serve Defendant.  On July 24, 2013, Defendant appeared in this case and moved to unseal the Record.  In its Motion to Unseal, Defendant states that "Plaintiffs/Relators served the Complaint on [Defendant's] statutory agent on or around July 3, 2013."  (Doc. 10).  There is no evidence in the Record that Plaintiffs/Relators ever served the Government with a copy of the complaint and a written disclosure of Plaintiffs/Relators' supporting material evidence as required by 31 U.S.C. 3730(b).  Moreover, there is no evidence the Government was ever given an opportunity to intervene in this case.  Finally, the Court never ordered the complaint to be served on Defendant as is required before Defendant is served pursuant to 31 U.S.C. 3730(b)(2).

As a result, Plaintiffs/Relators violated the seal provision of 31 U.S.C. § 3730(b)(2) by serving Defendant with the Complaint and by giving the Government no opportunity to intervene.  The seal provision provides an appropriate balance between encouraging more private false claims litigation and the government's need to fully evaluate a private enforcement suit to determine if the suit involves matter the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.  *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995). These two purposes allow "the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, [and allow] the government the opportunity to study and evaluate the relator's information for possible intervention in the

*qui tam* action or in relation to an overlapping criminal investigation." *Id.* The district court must balance these two purposes in determining an appropriate sanction for violation of the seal. *Id.*

In determining whether dismissal is an appropriate sanction, the district court must consider: (1) whether the Government has been harmed by the disclosure; (2) the nature and relative severity of the violation; and (3) the presence or absence of bad faith or willfulness. *Id.* at 245-46.

Here, the Government has been irreparably harmed by the disclosure of the complaint to Defendant "by the complete failure to abide by any of the seal provisions, including failure to serve the government with a copy of the complaint." *Id.* at 245. Moreover, such disclosure "irreversibly frustrates the congressional goals" underlying the sealing provisions. *Id.* Additionally, the nature and relative severity of the violation in this case is extreme. Here, Plaintiffs/Relators failed to comply with any of the requirements of 31 U.S.C. § 3730(b)(2). Finally, in considering whether there was willfulness or bad faith, the Record indicates that Plaintiffs/Relators knew the Defendant could not be served with the Complaint unless the Court so ordered, and Plaintiffs/Relators chose to serve the Complaint in the absence of a Court Order. (*See* Doc. 1 (acknowledging the complaint cannot be served on Defendant unless the Court so orders)).[1]

As a result, the balance of factors favors dismissal of Plaintiffs/Relators' Complaint to the extent it asserts violations of the False Claims Act because Plaintiffs/Relators violated the seal. As a result, to the extent Plaintiffs/Relators' Complaint asserts violations of the False Claims Act, it is dismissed without prejudice to the Government bringing suit on such claims.

Next, to the extent that Plaintiffs/Relators intended to bring claims asserting

---

[1] The Court also notes that Plaintiffs brought this suit pro se and individuals are not entitled to proceed *pro se* in False Claims Act cases. *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1125-28 (9th Cir. 2007).

violations of Title VII, the Court is aware of no authority allowing Plaintiffs/Relators to assert Title VII claims in a qui tam False Claims Act action.  In a False Claims Act case, the Government is the Plaintiff and the individuals who bring the suit are the relators.  In general, in an employment lawsuit, the individuals who are harmed by the adverse employment action are the Plaintiffs.  Accordingly, because Plaintiffs/Relators' claims asserting violations of Title VII were improperly brought in a False Claims Act qui tam lawsuit, those claims are also dismissed without prejudice to Plaintiffs/Relators reasserting in an appropriate lawsuit.

Based on the foregoing,

**IT IS ORDERED** that, to the extent Plaintiffs/Relators' Complaint asserts violations of the False Claims Act, it is dismissed without prejudice to the Government bringing suit on such claims.

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs/Relators intended to assert claims under Title VII, those claims are dismissed without prejudice to Plaintiffs/Relators reasserting in an appropriate lawsuit.

As a result, this case is dismissed in its entirety without prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs/Relators' Motion to Appoint Counsel (Doc. 8) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs/Relators' Motion for Extension of Time to Extend Time for Services of Process (Doc. 9) is denied as moot.

///

//

/

- 4 -

1      **IT IS FURTHER ORDERED** that Defendant's Motion to Unseal Case (Doc. 10)

2  is granted.   The Clerk of the Court shall unseal this case and all docket entries in this

3  case.

4      **IT IS FINALLY ORDERED** that Defendant's Motion for Extension of Time to

5  File Answer (Doc. 11) is denied as moot.

6      Dated this 5th day of September, 2013.

James A. Teilborg
Senior United States District Judge